**SIGNED THIS: April 12, 2011**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH (NMI) LOWE and FAI C. LOWE, | ) | No. 09-83570 |
| | ) | |
| Debtors. | ) | |

### O P I N I O N

The Debtors filed a Chapter 13 petition on October 13, 2009. An amended Chapter 13 plan was confirmed on March 8, 2010. The bar date for non-government claims expired on March 10, 2010.

On April 3, 2011, the Debtors filed an Amended Schedule F purporting to add eleven new creditors holding unsecured claims for prepetition debts. (Why these creditors were not previously scheduled is not explained in the amended schedule.) None of these eleven creditors received any prior notices from the bankruptcy court.

In Chapter 13, only debts that are "provided for by the plan" are subject to being discharged, if the debtor receives a discharge. 11 U.S.C. § 1328(a). For an unsecured

creditor to be "provided for," the creditor must have been scheduled and have received notice of the filing in time to file a timely proof of claim. *In re Hairopoulos,* 118 F.3d 1240 (8th Cir. 1997). The claim bar date cannot be extended to allow omitted creditors to file late claims. *Matter of Greenig,* 152 F.3d 631 (7th Cir. 1998). Debtors who fail to add omitted creditors prior to the claim bar date cannot subject those creditors to the discharge. *In re Schuster,* 428 B.R. 833 (Bankr.E.D.Wis. 2010); *In re Plummer,* 378 B.R. 569 (Bankr.C.D.Ill. 2007).

Since the Debtors are attempting to add eleven previously omitted unsecured creditors after expiration of the claim bar date (and after expiration of the additional 30-day period for claims to be filed by the debtor or trustee under Rule 3004), that attempt is improper and must be denied.

An order will be entered denying the Amended Schedule F as untimely. In addition, the Court will direct the bankruptcy clerk to send a notice to the eleven omitted creditors notifying them of the denial of the Debtors' attempt to add them to the case and further notifying them that their claims are not subject to discharge in this case.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###